UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cavalry Portfolio Services, LLC,

        Plaintiff,

v.

Mohamed Jama,[1]                             Civil No. 11-2403 (JNE/AJB)
                                                             ORDER

        Defendant,

v.

Gurstel Chargo P.A.,

        Third-Party Defendant.

Cavalry Portfolio Services, LLC (Cavalry), sued Mohamed Jama[1] in state court to collect a debt. Claiming that Gurstel Chargo P.A., Cavalry's counsel, violated the Fair Debt Collection Practices Act (FDCPA), Jama served a Third-Party Complaint on Gurstel Chargo. Asserting that Jama's FDCPA claim gave rise to federal question jurisdiction, 28 U.S.C. § 1331 (2006), Gurstel Chargo filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), (b) (2006). The Court directs Gurstel Chargo to show cause why this action should not be remanded to state court.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "'Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009) (quoting *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009)). "[A]ny

---

[1]     The record contains several spellings of Jama's first name. The Court uses the spelling that appears in the body of Jama's Third-Party Complaint.

1

civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." *Id.* § 1441(b).

In this case, the Court questions Gurstel Chargo's invocation of 28 U.S.C. § 1331 because the federal question appears in Jama's Third-Party Complaint.[2] The Court also questions Gurstel Chargo's ability to remove the action because Gurstel Chargo is a third-party defendant.[3] Under these circumstances, the Court directs Gurstel Chargo to show cause why this action should not be remanded to state court.

---

[2] *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 & n.2 (2002) ("Respondent argues that the well-pleaded-complaint rule, properly understood, allows a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction. We disagree."); *Calabro v. Aniqa Halal Live Poultry Corp.*, No. 10-66-cv, 2011 WL 2279187, at *2 (2d Cir. June 10, 2011) (per curiam) ("The district court . . . did not abuse its discretion in determining that Aniqa's purported basis for removal—i.e., that the presence of federal claims in its third-party complaint rendered the entire action removable under 28 U.S.C. § 1441(c)—was objectively unreasonable."); *Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003) ("[W]e must consider whether the existence of a third-party complaint affects the court's subject matter jurisdiction over the original action. We conclude that it does not."); *cf. Waymire v. Leonard*, 724 F. Supp. 2d 876, 879 n.2 (S.D. Ohio 2010) ("The plain language of 28 U.S.C. § 1441(a) states that any 'civil action' can be removed, indicating that the entire case would be removed, not just the portion of the case that would make it convenient for the third-party defendant to achieve removal.").

[3] *See Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) ("[T]he *Shamrock Oil* rule has been extended to preclude removal by third-party defendants to an action."); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332-33 (4th Cir. 2008) ("For more than fifty years, courts applying *Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party defendants . . . ."); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 463 (6th Cir. 2002) ("[W]e conclude that third-party defendants do not have a statutory right of removal pursuant to § 1441(a)."); *cf. Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) ("We do not . . . believe § 1441(c) was intended to effect removal of a suit, not otherwise

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. On or before September 16, 2011, Gurstel Chargo shall show cause why this action should not be remanded to state court by filing a memorandum of law that addresses the issues noted above.

2. On or before September 26, 2011, Jama may file a memorandum of law in response.

3. No memorandum may exceed 5000 words. The memoranda shall otherwise comply with Local Rule 7.1(d), (f).

Dated: September 6, 2011

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

within federal jurisdiction, because of the introduction of a third-party claim."); *Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir. 1984) (stating "that in the broad run of third-party cases . . . the third-party defendant cannot remove the case under section 1441(c)"). *See generally* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3730 (4th ed. 2009) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court, although there is some authority to the contrary in the Fifth Circuit and in at least one district court decision in the Eleventh Circuit." (footnotes omitted)).